# In the United States Court of Federal Claims

No. 23-975C
(Filed: June 27, 2023)

|  |  |
|---|---|
| **JAMIE BURKE**, | ) ) ) ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) ) |
| **UNITED STATES**, | ) ) ) |
| *Defendant.* | ) ) |

## ORDER DISMISSING CASE

On June 14, 2023, Jaime Burke, proceeding *pro se*, filed this action alleging a resident of the State of Texas may have aided and abetted in the January 6, 2021 attack on the U.S. Capitol in Washington, D.C. *See* ECF No. 1. In an attachment to the complaint, plaintiff makes additional claims–including treason and collusion– against the former President, current members of Congress, and various Idaho state officials and agencies. *See generally* ECF No. 1-1. To proceed with a civil action in this Court, a plaintiff must either pay $402.00 in fees—a $350.00 filing fee plus a $52.00 administrative fee—or request authorization to proceed without prepayment of fees by submitting a signed application to proceed *in forma pauperis* ("IFP"). *See* 28 U.S.C. §§ 1914 & 1915. Plaintiff did neither.

Furthermore, in addition to this action, plaintiff simultaneously filed a series of other complaints in this Court asserting myriad incoherent claims against federal, state, and local agencies and officials as well as private citizens.[1] The prolific submission of such dubious complaints demonstrates they are filed without consideration of the limited jurisdiction of this Court and serve only to consume

---

[1] *See, e.g., Burke v. United States*, No. 23-951-TMD (filed June 14, 2023); *Burke v. United States*, No. 23-952-TMD (filed June 14, 2023); *Burke v. United States*, No. 23-953-EDK (filed June 14, 2023); *Burke v. United States*, No. 23-954-KCD (filed June 14, 2023); *Burke v. United States*, No. 23-955-EHM (filed June 14, 2023); *Burke v. United States*, No. 23-957-CLN (filed June 14, 2023); *Burke v. United States*, No. 23-958-CFL (filed June 14, 2023); *Burke v. United States*, No. 23-960-RTH (filed June 14, 2023); *Burke v. United States*, No. 23-961-DAT (filed June 14, 2023); *Burke v. United States*, No. 23-965-MBH (filed June 14, 2023); *Burke v. United States*, No. 23-966-CNL (filed June 14, 2023); *Burke v. United States*, No. 23-968-EHM (filed June 14, 2023); *Burke v. United States*, No. 23-970-EHM (filed June 14, 2023); *Burke v. United States*, No. 23-972-DAT (filed June 14, 2023); *Burke v. United States*, No. 23-973-MBH (filed June 14, 2023); *Burke v. United States*, No. 23-976-EGB (filed June 14, 2023).

valuable judicial resources. Accordingly, this Court *sua sponte* dismisses plaintiff's complaint without prejudice due to the failure to either remit the appropriate filing fee or comply with the IFP application filing requirements.

Accordingly,

(1) Plaintiff's complaint (ECF No. 1) is **DISMISSED** without prejudice;

(2) The Clerk of Court is directed to **ENTER** Final Judgment **DISMISSING** plaintiff's complaint (ECF No. 1);

(3) The Clerk's Office shall **REJECT** all future filings in this case;

(4) Plaintiff is immediately **ENJOINED** from filing new complaints *pro se* in this Court without first obtaining leave to file from the Chief Judge. If plaintiff seeks to file a new complaint in this Court, plaintiff shall submit a Motion for Leave to File that explains why the new complaint is timely, properly before this Court, and unrelated to any prior litigation previously pursued. Any motion for leave to file a new complaint must also include as an attachment a full complaint that satisfies the requirements of Rule 8 of the Rules of the United States Court of Federal Claims. In the event the Court grants a motion for leave to file a new complaint, plaintiff will be required to pay the Court's full filing fee to proceed.

(5) Plaintiff may file a new complaint if the complaint is signed and filed by an attorney who is duly licensed and authorized to practice law under the laws of at least one state or territory of the United States or the District of Columbia, and is a member in good standing of the Bar of the United States Court of Federal Claims; and

(6) The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith because plaintiff's claims are outside the jurisdiction of this Court and are frivolous.

It is so **ORDERED**.

s/ Armando O. Bonilla<br>
Armando O. Bonilla<br>
Judge